UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA HASSAN,

Plaintiff,

-vs-

BOYSVILLE OF MICHIGAN, INC.,
d/b/a HOLY CROSS CHILDREN'S
SERVICES,

Defendant.

03-71791

Case No: 03 ROBERT H. CLELAND

Hon.

MAGISTRATE JUDGE PEPE

JON R. GARRETT (P25777)
JOHN C. STEVENSON (P53506)
Attorneys for Plaintiff
Garrett & Stevenson, P.C.
535 Griswold St., Suite 1212
Detroit, Michigan 48226
(313) 961-1885

FILED
2003 MAY -9 P 3:05
U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

JOHN C. STEVENSON

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, ANGELA HASSAN, by and through her attorneys, GARRETT & STEVENSON, P.C., and for her complaint against the above-named Defendant, states as follows:

## JURISDICTION AND PARTIES

1. This is an action to enforce civil and common-law rights arising out of Plaintiff's employment relationship with Defendant corporations.

2. Plaintiff is a 37-year-old woman, born November 14, 1965.

3. Defendant Boysville of Michigan d/b/a Holy Cross Children's Services is a Michigan corporation doing business in Monroe County.

4. Plaintiff is a resident of the County of Wayne, State of Michigan.

5. The events giving rise to this cause of action occurred at the Moreau Center in Monroe County, Michigan.

6. The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees.

7. The Plaintiff's claims concern the Americans with Disabilities Act, 42 USC 12101, and the Family Medical Leave Act, 29 USC 2614(a)(1), and, therefore, this Court has jurisdiction over this case pursuant to 28 USC 1331.

## BACKGROUND FACTS

8. Plaintiff began her employment with Defendants on or about December 19, 1997, as a Family Service Worker.

9. At all material times, Plaintiff performed her job duties in a manner that was satisfactory or better.

10. Plaintiff has a history of narcolepsy and suffered from panic/anxiety attack(s), including but not necessarily limited to an anxiety attack on or about May 1, 2002, of which Defendants were aware.

11. On or around the Spring of 2002, Plaintiff suffered a disabling anxiety attack and underwent treatment and therapy. As a result of this attack, Plaintiff went on Medical Leave from May 2, 2002, through August 1, 2002, under the Family Medical Leave Act.

12. Plaintiff was released to work after her medical leave by her treating physician.

13. Plaintiff's physician authorized her to return to work on a full-time basis, without any restrictions, on or about July 29, 2002.

14. When Plaintiff returned to work her supervisor repeatedly questioned her ability to work as a Family Service Worker and suggested Plaintiff go on long term disability.

15. Defendant directed another employee to do Plaintiff's job after Plaintiff returned to work and split Plaintiff's case load between and Plaintiff and this other employee.

16. Defendant's supervisor subsequently told Plaintiff that Defendant would not pay two people to do her job and suggested that Plaintiff was unable to do her job as a Family Service Worker.

17. On or about November 8, 2002, Defendant's supervisor told Plaintiff she had to either resign or agree to accept a different job as a treatment specialist which required less pay and was not equivalent to her job as a Family Service Worker. Plaintiff refused to choose between these options and was told by Defendant's supervisor to leave.

## CAUSE OF ACTION

18. Plaintiff incorporates by reference paragraphs 1 through 18.

19. At all material times, Plaintiff was an employee and Defendant corporation was her employer, covered by and within the meaning of the Persons with Disabilities Civil Rights Act, MCLA 37.1201 et seq., MSA 3.550(201) et seq. and the Americans with Disabilities Act (ADA), 42 USC 12101 et seq.

20. Plaintiff's anxiety attacks and narcolepsy constitute disabilities, as that term is defined by and within the meaning of the Persons with Disabilities Civil Rights Act, MCLA 37.1103(e), MSA 3.550(103)(e), and the ADA, 42 USC 12101 et seq.

21. At the time of her termination, Plaintiff's anxiety attacks and narcolepsy were unrelated to her ability to perform the duties of a Family Service Worker with Defendant Corporation and are unrelated to her qualifications for employment.

22. Plaintiff was discriminated against within the meaning of the Persons with Disabilities Civil Rights Act and the ADA when Defendants gave Plaintiff the ultimatum of being demoted or being terminated because of her anxiety attacks and/or narcolepsy.

23. Plaintiff's anxiety attacks and/or narcolepsy were a determining factor in Defendants' decision to terminate Plaintiff and preclude her from working as a Family Service Worker.

24. The actions of Defendants and their agents, representatives, and employees was intentional in disregard for the rights and sensibilities of Plaintiff.

25. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has sustained injuries and damages, including the loss of earnings and earning capacity; loss of fringe and pension benefits; mental and emotional distress; humiliation and embarrassment; loss of career opportunities; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice.

26. The Plaintiff was an eligible employee under the Family Medical Leave Act ("FMLA"), 29 USC 2601 et seq.

27. The Defendants violated the FMLA by failing to allow Plaintiff to return to and maintain her position or an equivalent position with the same pay, benefits and working conditions following her three month Medical Leave. See 29 USC 2614(a)(1).

28. Defendant's actions constitute discrimination and/or retaliation against Plaintiff for taking a medical leave under the FMLA and subjects Defendant's to liability pursuant to 29 USC 2615(a)(2)-(b)

29. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has incurred lost wages, benefits and other compensation.

WHEREFORE, Plaintiff, ANGELA HASSAN, requests that this Honorable Court enter judgment against Defendants as follows:

1. Legal relief:

   a. compensatory damages in whatever amount over $75,000.00 Plaintiff is found to be entitled;

b. an award of back pay and the value of lost fringe benefits and pension benefits, past and future;

c. exemplary damages in whatever amount over $25,000 Plaintiff is found to be entitled;

d. an award of interest, costs, and reasonable attorney fees.

GARRETT & STEVENSON, P.C.

By: ______________________

JOHN C. STEVENSON (P53506)
Attorney for Plaintiff
535 Griswold St., Suite 1212
Detroit, Michigan 48226
(313) 961-1885

**DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, ANGELA HASSAN, by and through her attorneys, GARRETT & STEVENSON, P.C., and hereby demands a trial by jury in the above-entitled matter.

GARRETT & STEVENSON, P.C.

By: ______________________

JOHN C. STEVENSON (P53506)
Attorney for Plaintiff
535 Griswold St., Suite 1212
Detroit, Michigan 48226
(313) 961-1885

Dated: May 5, 2003