UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA HASSAN,

Plaintiff,

v.

BOYSVILLE OF MICHIGAN, INC., d/b/a HOLY CROSS CHILDREN'S SERVICES, a Michigan nonprofit corporation,

Defendant.

Case No. 03-71791

Hon. Robert H. Cleland

Magistrate Judge Pepe

GARRETT & STEVENSON, P.C.
By: Jon R. Garrett (P25777)
John C. Stevenson (P53506)
535 Griswold Street, Suite 1212
Detroit, MI 48226
(313) 961-1885
Attorneys for Plaintiff

BODMAN, LONGLEY & DAHLING LLP
By: Karen L. Piper (P31706)
Monica M. Moore (P61837)
34th Floor, 100 Renaissance Center
Detroit, MI 48243
(313) 259-7777
Attorneys for Defendant

FILED
2003 JUN 16 A 7:32
U.S. DIST. COURT CLERK
EAST. DIST. MICH.
DETROIT

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Boysville of Michigan, Inc., d/b/a/ Holy Cross Children's Services, responds to plaintiff's complaint as follows:

1. Defendant neither admits nor denies plaintiff's characterization of the claims asserted in her complaint, which speaks for itself as to form, content and meaning.

2. Defendant is without sufficient information to either admit or deny the allegations in paragraph 2.

3. Defendant admits the allegations in paragraph 3.

4. Defendant is without sufficient information to either admit or deny the allegations in paragraph 4.

5. Defendant admits the allegations in paragraph 5.

6. Defendant is without sufficient information to either admit or deny the allegations in paragraph 6.

7. Defendant neither admits nor denies plaintiff's characterization of the claims asserted in her complaint, which speaks for itself as to form, content and meaning. Defendant does not contest this Court's jurisdiction.

**BACKGROUND FACTS**

8. Defendant admits the allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9 as untrue.

10. Defendant admits that plaintiff became ill while at work on May 1, 2002, but is without sufficient information to either admit or deny the remaining allegations in paragraph 10.

11. Defendant admits that plaintiff was on FMLA leave from May 2, 2002 through August 1, 2002. Defendant is without sufficient information to either admit or deny the remaining allegations in paragraph 11.

12. Defendant admits the allegations in paragraph 12.

13. Defendant admits the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14 as untrue.

15. Defendant denies the allegations in paragraph 15 as untrue.

16. Defendant denies the allegations in paragraph 16 as untrue.

17. Defendant admits that it offered plaintiff the opportunity to resign her position as a Family Service Worker so that she could transfer to another position at Boysville. Plaintiff declined and was discharged.

**CAUSE OF ACTION**

18. Defendant incorporates its responses to paragraphs 1 through 17.

19. The allegation in paragraph 19 state a legal conclusion to which no response is required. Defendant admits that, in appropriate circumstances, the cited statues may apply to it.

20. The allegations in paragraph 20 state a legal conclusion to which no response is required. To the extent that a response may be required, defendant neither admits nor denies plaintiff's characterization of the alleged applicable statutes, which speak for themselves as to form, content and meaning.

21. Defendant is without sufficient information to either admit or deny the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22 as untrue.

23. Defendant denies the allegations in paragraph 23 as untrue.

24. Defendant denies the allegations in paragraph 24 as untrue.

25. Defendant denies that it engaged in any unlawful conduct, and is without sufficient information to either admit or deny the remainder of the allegations in paragraph 25.

26. That allegation in paragraph 26 states a legal conclusion to which no response is required. To the extent that a response may be required, defendant neither admits nor denies

plaintiff's characterization of the alleged applicable statute, which speaks for itself as to form, content and meaning.

27. Defendant denies the allegations in paragraph 27 as untrue.

28. Defendant denies the allegations in paragraph 28 as untrue.

29. Defendant denies that it engaged in any unlawful conduct, and is without sufficient information to either admit or deny the remainder of the allegations in paragraph 29.

WHEREFORE, defendant requests this Court to dismiss plaintiff's complaint with prejudice and award it its costs and fees.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed, in whole or in part, to state a claim upon which relief can be granted.

2. Any employment decision made with respect to plaintiff's employment was based on legitimate, non-discriminatory reasons.

3. Plaintiff is not a qualified individual with a disability as defined by the Americans with Disabilities Act and the Persons with Disabilities Civil Rights Act.

4. Plaintiff cannot establish a causal connection between her FMLA leave and her termination.

5. Plaintiff failed to exhaust her administrative remedies.

6. Defendant complied with all applicable state and federal laws.

7. Defendant may assert plaintiff has failed to mitigate damages.

8. Plaintiff is estopped by her own conduct from obtaining relief.

9. Plaintiff's claims are barred because the alleged actions of defendant were not the cause of the alleged injury or loss.

10. Defendant reserves the right to amend this answer and assert additional affirmative defenses.

WHEREFORE, defendant requests that this Court deny plaintiff's request for a judgment and enter judgment in favor of defendant, awarding it costs and fees and such other relief as this Court may deem appropriate.

BODMAN, LONGLEY & DAHLING LLP

By: Monica M. Moore

Karen L. Piper (P31706)
Monica M. Moore (P61837)
34th Floor, 100 Renaissance Center
Detroit, MI 48243
(313) 259-7777
Attorneys for Defendant

Date: June 16, 2003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA HASSAN,

Plaintiff,

v.

BOYSVILLE OF MICHIGAN, INC., d/b/a HOLY CROSS CHILDREN'S SERVICES, a Michigan nonprofit corporation,

Defendant.

Case No. 03-71791

Hon. Robert H. Cleland

Magistrate Judge Pepe

GARRETT & STEVENSON, P.C.
By: Jon R. Garrett (P25777)
John C. Stevenson (P53506)
535 Griswold Street, Suite 1212
Detroit, MI 48226
(313) 961-1885
Attorneys for Plaintiff

BODMAN, LONGLEY & DAHLING LLP
By: Karen L. Piper (P31706)
Monica M. Moore (P61837)
34th Floor, 100 Renaissance Center
Detroit, MI 48243
(313) 259-7777
Attorneys for Defendant

FILED
2003 JUN 16 A
U.S. DIST. COURT CLERK
EAST DIST. MICH
DETROIT

**PROOF OF SERVICE**

**NEDRA D. COLEMAN** certifies that she is an employee of Bodman, Longley & Dahling LLP and that on **June 16, 2003** she served a copy of **Answer to Complaint and Affirmative Defenses** and **Defendant's First Set of Interrogatories and Requests for Production of Documents to Plaintiff** upon the counsel for plaintiff, John C. Stevenson, Esquire, Garrett & Stevenson, P.C., 535 Griswold Street, Suite 1212, Detroit, Michigan 48226, by mailing same via United States mail, with proper prepaid postage affixed thereto.

Nedra D. Coleman
**NEDRA D. COLEMAN**